SILVER REED AMERICA, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, CONSUMER PRODUCTS DIVISION, SCM CORP., INTERVENOR

Court No. 80-6-00934

(Dated April 28, 1981)

*Thomas S. Martin*, Acting Assistant Attorney General (*David M. Cohen*, Director, Commercial Litigation Branch, and *Velta A. Melnbrencis*, Esq., on the briefs), for the defendant.

*Eugene L. Stewart*, Esq. (*Terence P. Stewart*, Esq., on the briefs), for the intervenor.

NEWMAN, Judge: In this action, plaintiff contests the final determination of sales at less than fair value by the United States Department of Commerce with regard to portable electric typewriters from Japan. Defendant has moved for a protective order asserting governmental privilege concerning a particular document which is included in the administrative record filed with the Court. Intervenor opposes defendant's motion and has filed a cross-motion for release of the document in its entirety, or alternatively, for discosure of certain

portions thereof after an *in camera* inspection by the Court. Plaintiff has filed no response to either of the cross-motions.

According to defendant's memorandum in support of its motion and an attached affidavit by the then Secretary of Commerce, Philip M. Klutznick, claiming executive privilege, the document in question is a memorandum dated February 22, 1980 prepared by David Amerine (a staff attorney in the Office of the Assistant General Counsel for Import Administration) for John Greenwald, Deputy Assistant Secretary for Import Administration, United States Department of Commerce.[1] Secretary Klutznick's affidavit states that this internal agency communication contains a factual analysis and advisory opinions and recommendations concerning the calculation of the fair value of the merchandise included in the antidumping investigation, and reflects the staff attorney's exercise of his judgment as to what factual, legal and policy questions would be important to his superiors who had the responsibility for making a final antidumping duty determination. The affidavit further avers that to the extent there is factual material in the document, the facts are so interwoven with the analytical portions that revealing the facts would reveal the analytical process and reflect the exercise of the staff attorney's judgment as to what facts would be important in arriving at the final decision. The Secretary then states that the disclosure of the document would seriously impede the free flow of essential advice and recommendations necessary for effective decision making.

In opposition to defendant's motion and in support of its cross-motion, intervenor asserts that it needs the document to know "the questions of fact and issues of law which were submitted to the Deputy Assistant Secretary for Import Administration for use by him in making his decision, so that intervenor can thus ascertain, in conjunction with the documents available in the public record and otherwise whether there is a reasonable indication that all material factual and legal issues presented in the administrative proceeding were analyzed by the staff and/or the Department prior to the final determination." Alternatively, intervenor requests that this Court "conduct an *in camera* inspection of the document at issue so that those portions of the document which set forth the questions of fact and issues of law can be separated from those portions which the Court determines should not be released."

Fundamentally, of course, the governmental privilege invoked by defendant here (which involves no military or state secrets) is not absolute, but qualified. *SCM Corporation* v. *United States (Brother*

---

[1] This document was transmitted to the Court as part of Volume 11 of the administrative record. Also, the document is the subject of a motion for protective order in *Nakajima All Co., Ltd.* v. *United States, et al.*, Court No. 80-6-00933, which is the subject of a memorandum and order entered concurrently herewith. See 1 CIT —, Slip Op. 81-37 (April 28, 1981).

*International Corporation, Party-in-Interest)*, 82 Cust. Ct. 351, C.R.D. 79-11, 473 F. Supp. 791 (1979); *Sprague Electric Company* v. *United States (Capar Components Corp., Party-in-Interest)*, 81 Cust. Ct. 168, C.R.D. 78-18, 462 F. Supp. 966 (1978). "In all cases in which a protective order is sought, the courts must weigh the need for the materials sought against the potential harm that would result from their disclosure." *Roses, Inc.* v. *United States, et al.*, 1 CIT 146, Slip Op. 81-4 (Jan. 12, 1981).

On balance, under the circumstances presented here, I have concluded that defendant's motion should be granted with respect to the entire document in question. It is noted that intervenor was granted leave to intervene for the purpose of defending the Government's final determination of less than fair value sales. No specific need has been demonstrated by intervenor for the particular document in dispute for the purpose of defending the Government's determination.

For the foregoing reasons, it is hereby ordered that:

1. Defendant's motion for a protective order is granted; and
2. Intervenor's cross-motion for release of all or a portion of the document is denied.